UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETJOL MANOKU,

    Plaintiff,

v.

    Case No. 09-11511

    Honorable Patrick J. Duggan

BLAINE LAFLER,

    Defendant.
    _____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 17, 2010.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On April 22, 2009, Ketjol Manoku ("Petitioner"), a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* habeas corpus petition challenging his convictions for first-degree murder, conspiracy to commit murder, assault with intent to commit murder, and felony-firearm. Petitioner is serving a sentence of life imprisonment. On February 9, 2010, Petitioner moved to hold his habeas petition in abeyance while he returned to state court to exhaust additional claims. This Court granted his motion in an Order dated April 19, 2010, conditioning the stay on Petitioner's presenting his unexhausted claims to the trial court in a motion for relief from judgment within ninety days. The Court stated that if Petitioner's motion for

relief from judgment was unsuccessful, he could move to lift the stay in this case and amend his petition to add the exhausted claims, provided that he did so within ninety days of exhausting state remedies.

In a letter to the Court dated October 18, 2010, Petitioner explains that he is working toward filing his motion for relief from judgment. Petitioner claims that as a native of Albania, he does not understand United States law, and therefore used the legal writers program offered by the Michigan Department of Corrections. He asserts that his assigned legal writer completed his motion on June 18, 2010, but that errors required redrafting. Petitioner claims that he has worked with several legal writers, and that delays occur each time a writer is transferred out. Petitioner also claims he requires additional time because his case involves approximately four thousand pages of transcripts. Petitioner seeks an additional thirty days to prepare and file his motion for relief from judgment in state court, claiming that he recently discovered a "winning issue where he can show a viable claim, supported with evidence."

The Supreme Court has endorsed the "stay and abeyance" approach to habeas cases involving a mix of exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 276-78, 125 S. Ct. 1528, 1534-35 (2005). The Court cautioned, however, that even where stay and abeyance is appropriate, the timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 limit a court's discretion in structuring the stay. *Id.* at 277, 125 S. Ct. at 1535. A petition must not be stayed indefinitely, and "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278, 125 S. Ct. at 1535. A stay is unwarranted where the prisoner engages in "abusive

<mark>2</mark>

litigation tactics or intentional delay." *Id.*

Petitioner has demonstrated circumstances justifying an extension of the time for filing his motion for relief from judgment. A brief extension is reasonable, given the volume of materials involved in this case and the delays Petitioner claims in obtaining legal writing assistance. Petitioner has not engaged in the sort of abusive or dilatory tactics that would preclude such an extension. The Court therefore concludes that Petitioner should be permitted the additional thirty days he seeks to present his claims.

Accordingly, Petitioner's request for an additional thirty days to prepare and file his motion for relief from judgment is **GRANTED**. The Court's stay is conditioned on Petitioner presenting his unexhausted claims to the trial court in a motion for relief from judgment within **thirty (30) days** of the date of this Opinion and Order.

The Court reminds Petitioner that if he is unsuccessful in state court, he may move to lift the stay in this case and amend his petition to add the exhausted claims, provided that he does so within **ninety (90) days** of exhausting his state remedies.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:

Ketjol Manoku, #597394
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Mark G. Sands, Esq.