UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETJOL MANOKU,

        Petitioner,

v.                            Case No. 09-11511

ROBERT NAPEL,                Honorable Patrick J. Duggan

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS TO  EXPAND THE RECORD, TO HOLD AN EVIDENTIARY HEARING, AND TO TAKE JUDICIAL NOTICE OF FACTS

Petitioner Ketjol Manoku ("Petitioner") has filed a *pro se* habeas corpus petition  challenging his Oakland County convictions for first-degree murder, conspiracy to commit murder, assault with intent to commit murder, and felony firearm.  Currently pending before the Court are Petitioner's motions to expand the record, to hold an evidentiary hearing, and to take judicial notice of facts.

### The Motion to Expand the Record

In his motion to expand the record, Petitioner seeks permission to file (1) an affidavit that he signed on July 3, 2013 and (2) his Albanian military records. Petitioner claims that his affidavit will provide the Court with an accurate set of facts and will supplement the assertions that he makes in his reply brief.

Petitioner's affidavit is already on file, as he attached it to his reply brief. *See* ECF No. 23. Thus, Petitioner's request to file his affidavit is denied as moot.

Petitioner wants to submit his military records to explain why he fired multiple shots during the criminal incident. He claims that the military records will add credence to his self-defense claim and will demonstrate that he did not premeditate or deliberate his actions, but acted out of a conditioned response, which he learned in the military.

The Court finds it unnecessary to see Petitioner's military records, because it is not the Court's duty to retry Petitioner or to determine whether he acted in self-defense or premeditated the crime. *See Milton v. Wainwright*, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972) (stating that "[t]he writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards").

Accordingly,

**IT IS ORDERED** that Petitioner's motion to expand the record (ECF No. 24) is **DENIED**.

### The Motion for an Evidentiary Hearing

In his next motion, Petitioner seeks an evidentiary hearing. He disputes the factual basis for the State's arguments and contends that he was denied a full and fair evidentiary hearing in state court.

2

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) govern this case, and

> AEDPA restricts the availability of federal evidentiary hearings. *See*
> *Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin,
> J., concurring in part).  For a claim that was adjudicated on the merits
> in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA
> apply, and the district court is limited to the record that was before the
> state court at the time.  *See* [*Cullen v. Pinholster*, 563 U.S. __, __, 131
> S. Ct. 1388, 1398 (2011)]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir.), *cert. denied*,

__ U.S. __, 133 S. Ct. 141 (2012).  If a state court did not adjudicate the

petitioner's claims on the merits, the question is whether the petitioner failed to

develop the factual basis for his claim in state court.  *Id*. at 464-65 (explaining the

requirements of 28 U.S.C. § 2254(e)(2)).[1]  And, "[i]n cases where an applicant for

_____

[1]  Section 2254(e)(2) reads:

> (2)  If the applicant has failed to develop the factual basis of a claim in
> State court proceedings, the court shall not hold an evidentiary
> hearing on the claim unless the applicant shows that--
>
> > (A) the claim relies on--
> >
> > > (i) a new rule of constitutional law, made
> > > retroactive to cases on collateral review by
> > > the Supreme Court, that was previously
> > > unavailable; or
> > >
> > > (ii) a factual predicate that could not have
> > > been previously discovered through the
> > > exercise of due diligence; and

3

federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468, 127 S. Ct. 1933, 1937 (2007).

Some of Petitioner's habeas claims were adjudicated on the merits in state court. As to those claims, an evidentiary hearing is not permitted, because this Court's review is limited to the record that was before the state court. *Pinholster*, 131 S. Ct. at 1398; *Keeling*, 673 F.3d at 464. And, even if the Court were to assume that Petitioner is not barred from obtaining an evidentiary hearing on his other claims, the Court does not believe an evidentiary hearing is warranted at this time.

Accordingly,

**IT IS ORDERED** that the motion for an evidentiary hearing (ECF No. 25) is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's motion if, after reviewing the state court record, the Court determines that Petitioner is entitled to an evidentiary hearing and that an evidentiary hearing is

---

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

necessary for a proper resolution of Petitioner's claims.  Petitioner need not file another motion for an evidentiary hearing.

## The Motion to Take Judicial Notice

In his third and final motion, Petitioner asks the Court to take judicial notice that:  (1) at the time of his trial, the State of Michigan did not comply with Title VI of the Civil Rights Act of 1964 regarding access to foreign-language interpreters during criminal court proceedings; (2) the Department of Justice launched a probe in February 2011 amid complaints that Michigan courts were failing to provide interpreters for people with limited English proficiency; (3) as of September 11, 2013, all Michigan courts were required to provide foreign-language interpreters to every person with limited English proficiency; and (4) the Michigan Supreme Court recently enacted court rules to bring the State of Michigan into compliance with federal law.  Petitioner wants the Court to take judicial notice of these facts and to apply the facts to the Court's analysis of his sixth habeas claim, which alleges that the trial court failed to ascertain with certainty that he did not need a bilingual interpreter.

Respondent argues in his supplemental answer to the habeas petition that Petitioner's sixth claim is procedurally defaulted.  As such, it may be unnecessary to adjudicate the merits of Petitioner's claim regarding a bilingual interpreter.

Accordingly,

5

**IT IS ORDERED** that Petitioner's motion to take judicial notice of certain adjudicative facts (ECF No. 26) is **DENIED WITHOUT PREJUDICE** until the Court renders a decision on the procedural default issue.  If the Court determines that Petitioner's sixth claim has not been procedurally defaulted, the Court will reconsider Petitioner's motion.  Petitioner need not file another motion asking the Court to take judicial notice.

**IT IS SO ORDERED**.


Dated: February 18, 2014

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

**Ketjol Manoku,** #597394
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, Michigan 49855

**Bruce H. Edwards, A.A.G.**